**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BURRIS CONSTRUCTION COMPANY LLC: Plaintiff, v. NUCONSTEEL CORPORATION Defendant. | Civil Action Nos. 12-3085 & 12-3156 |
| *and* | **OPINION** |
| NUCONSTEEL CORPORATION, Plaintiff, v. BURRIS CONSTRUCTION COMPANY LLC, and LIBERTY MUTUAL INSURANCE COMPANY, Defendants. | |

**Appearances**:
STEVEN J. FRAM, ESQUIRE
ARCHER & GREINER P.C.
ONE CENTENNIAL SQUARE
P.O. BOX 3000
HADDONFIELD, NEW JERSEY 08033-0968
*Attorneys for Burris Construction Company LLC and Liberty Mutual Insurance Company,*

MICHAEL JAMES McCARTHY, ESQUIRE
LINDSAY NICOLE PLOTNICK, ESQUIRE
HAYNES & BOONE LLP
30 ROCKEFELLAR PLAZA, 26th FLOOR
NEW YORK, NEW YORK 10112
*Attorneys for Nuconsteel Corporation.*

**HILLMAN, District Judge**:

Presently before the Court is Nuconsteel Corporation LLC's ("Nuconsteel") Motion for Summary Judgment. For the reasons that follow, the Motion shall be denied without prejudice.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from a contract dispute between a construction company and a manufacturer of steel products. Burris Construction Company LLC ("Burris Construction") is a construction company which builds healthcare facilities. Nuconsteel is the one of the largest steel manufacturers in North America. Liberty Mutual Insurance Company ("Liberty Mutual") is an insurance company that issued the labor and material payment bond in this case. The instant matter relates to the construction of four healthcare facilities in New Jersey in: (1) Voorhees, (2) Moorestown, (3) Piscataway, and (4) Freehold. (Nuconsteel Mot. Summ. J., Ex. 1, Dep. of William G. Burris ("Burris Dep.") 37:21.)

In early fall of 2011, Burris Construction hired James Cartwright

---

[1] This Memorandum Opinion addresses pending motions in Civil Action Nos. 12-3085 and 12-3156. Civil Action No. 12-3085 was initiated by Burris Construction, while Civil Action No. 12-3156 was initiated shortly thereafter by Nuconsteel. The two actions are substantially related, and the parties and issues involved are nearly identical. On August 9, 2012, the United States Magistrate Judge assigned to this case consolidated these two actions for discovery purposes and the District Court has jointly handled all motions in both cases since that time.

With respect to the instant matter pending before the Court, Nuconsteel has actually filed two summary judgment motions — one in each Civil Action. These motions address the same issues and, for all intents and purposes, are essentially mirror images of one another. Accordingly, for purposes of clarity and ease of reference, the Court

as a consultant to identify materials suppliers and obtain price quotes with respect to the construction project in Voorhees. (Id. at 13:13-15, 14:10-15; Nuconsteel Mot. Summ. J., Ex. 4, Aff. of James Cartwright ("Cartwright Aff.") ¶ 4.) During the course of his research, Cartwright identified Nuconsteel as a potential supplier of light gauge steel framing and presented this information to William Burris, the managing member and majority shareholder of Burris Construction. (Id.; Burris Dep. 16:4-24.)

On October 25, 2011, Cartwright and Burris had a conference call with members of Nuconsteel. (Cartwright Aff. ¶ 6.) During the call, Burris stated that he would be willing to pay Nuconsteel $550,000 for the steel framing for the Voorhees construction project. (Id.) Burris also apparently indicated that Burris Construction was interested in maintaining an ongoing business relationship with Nuconsteel, and anticipated three other upcoming construction projects for healthcare facilities in Moorestown, Freehold, and Piscataway. (Id.) Burris believed that this conversation initiated a "four-project deal" between Burris Construction and Nuconsteel, and that the parties had therefore entered into oral contracts for all four construction projects. (Burris Dep. 37:7-24, 78:1-4.) According to Cartwright and Nuconsteel, however, Burris did not make any concrete plans as to the other three construction projects during the conference call. (Cartwright Aff. ¶ 6.)

Following the conference call, Cartwright engaged in a series of

---

jointly considers and refers to them as one motion.

e-mail communications with Nuconsteel personnel. (Id. ¶¶ 8-12.) One of these e-mails, sent by Nuconsteel Sales Manager Shawn Vaught on the day of the conference call, stated that:

> We've reviewed the pricing and based on the assumption that we can push our changes through (fab details, and exterior headers eliminated) than [*sic*] we can proceed with the pricing Bill laid out.
>
> 550K . . . 3 large buildings
>
> 520K . . . small building
>
> Let's wrap this up tomorrow and get the ball rolling.

(Nuconsteel Mot. Summ. J., Ex. 5, 10/24/11 & 10/25/11 E-mails.) It was Cartwright's belief that a formal offer was not made in these e-mails, but rather that they served as initial negotiations between Nuconsteel and Burris Construction. (Cartwright Aff. ¶¶ 8-13.) At his deposition, Burris acknowledged that, at this time, Burris Construction and Nuconsteel "had [not] perfected everything," and that "[t]here were still some issues as to responsibility they were discussing[.]" (Burris Dep. 29:10-12.)

On October 31, 2011, Nuconsteel sent Burris Construction a price quote for the steel to be used on the Voorhees project.[2] (Nuconsteel Mot. Summ. J., Exs. 7 & 8, 10/31/11 Nuconsteel Quote/PO.) On December 8, 2011, Burris Construction President James Gibson signed and sent Nuconsteel a finalized purchase order for the work to be done on the Voorhees project. (Nuconsteel Mot. Summ. J., Ex. 2, Dep. of James

[2] This quote was subsequently revised on November 3, 2011 to reflect certain changes made by the parties. (Nuconsteel Mot. Summ.

Gibson ("Gibson Dep.") 60:19-61:7; Ex. 14, 11/4/11 Nuconsteel Quote/PO for Voorhees.) Subsequently, Liberty Mutual issued a Labor and Material Payment Bond (Bond No. 327011087) to Nuconsteel in connection with the Voorhees Project. (No.Civ.A. 12-3156, Compl. ¶ 18.) Nuconsteel signed and executed the purchase order on December 8, 2011. (11/4/11 Nuconsteel Quote/PO for Voorhees.) Neither party disputes that this purchase order constituted a valid contract for the Voorhees project.

Nuconsteel thereafter proceeded to supply the steel for the Voorhees project, and fulfilled its contractual duties by January of 2012. (Burris Dep. 73:12-15.) Nuconsteel sent Burris Construction invoices for payment on the project on December 30, 2011, January 27, 2012, and February 24, 2012. (Nuconsteel Mot. Summ. J., Ex. 19, Nuconsteel Invoices for Voorhees.) It also sent Burris Construction four change orders in the amount of $14,398.97 on January 13, 2012. (Nuconsteel Mot. Summ. J., Ex. 20, 1/13/12 Nuconsteel Change Orders.)

During the same relevant time period, the Moorestown, Piscataway, and Freehold construction projects were awaiting final contractor approvals and financing. (Burris Dep. 77:4-78:24; Gibson Dep. 81:8-20; BCC & Liberty Resp. Opp'n, Decl. of William Burris ("Burris Decl.") ¶¶ 4-5.) Accordingly, unlike the Voorhees project, the other three projects did not have a set schedule of completion. (Gibson Dep. 77:20-78:2.) Burris, however, believed that, Burris Construction and Nuconsteel had entered into an oral agreement to commit to all

J., Exs. 7 & 8, 10/31/11 Nuconsteel Quote/PO.)

four projects. (Burris Dep. 33:9-11, 69:3-9, 78:3-18; Burris Decl. ¶ 4.) In support of this belief, Burris points to the fact that, at various points during the fall and winter of 2011, representatives from Burris Construction and Nuconsteel discussed the construction projects as a "four package deal" and acknowledged that both parties could maximize their profits and efficiency if they continued to work together. (Id. ¶¶ 6-9.) As such, even though formal written contracts were not executed with respect to the three other construction projects, Burris believed that the parties had firm oral commitments and therefore began to engage in significant planning. (Id. ¶ 20.)

On December 8, 2011, e-mails were exchanged between representatives of Burris Construction and Nuconsteel that included quotes and purchase orders for the Moorestown, Piscataway, and Freehold projects. (Nuconsteel Mot. Summ. J., Ex. 14, 11/4/11 Nuconsteel Quote/PO for Moorestown, Piscataway, & Freehold.) Each purchase order contained the statement: "The contract is contingent on contractors['] receipt of all approvals and the project financing." (Id.) Unlike the Voorhees purchase order, these three orders were not signed by a Burris Construction representative. (Id.) On January 4, 2012, Burris Construction and Nuconsteel again exchanged e-mails regarding the three construction projects, but Burris Construction remained unable to provide Nuconsteel with a schedule for the projects. (Nuconsteel Mot. Summ. J., Ex. 18, 1/4/11 E-Mails.) As a result, Nuconsteel did not sign the purchase orders. (Gibson Dep.

74:2-8.)

On January 5, 2012, Nuconsteel's parent corporation, Nucor Corporation, issued a press release stating that it would be closing its subsidiary, Nuconsteel. (Nuconsteel Mot. Summ. J., Ex. 17, Pl.'s Resp. to Defs.' Interrog. ¶ 15; Burris Dep. 67:10-12, 72:17-75:7.) Shortly thereafter, Nuconsteel advised Burris Construction that it would not provide steel for the Moorestown, Piscataway, and Freehold projects because it anticipated closing its operations. (Id. at 74:11-21.) As a result of Nuconsteel's alleged failure to provide steel for the three projects, Burris Construction refused to provide payment for the Voorhees project. On March 27 and April 4 of 2012, Nuconsteel sent letters to Burris Construction demanding the payment due on the Voorhees project. (Nuconsteel Mot. Summ. J., Exs. 21 & 22, Demand Letters.) To date, Burris Construction still has not paid Nuconsteel for its work on the Voorhees project. (Gibson Dep. 13:25-15:13.) Moreover, in April and May of 2012, Nuconsteel provided notice of its claims against Burris Construction to Liberty Mutual. (No.Civ.A. 12-3156, Compl. ¶ 19.) To date, however, Liberty Mutual has refused to pay Nuconsteel the amount that is due on the bond. (Id.)

On April 13, 2012, Burris Construction filed its complaint in New Jersey state court, alleging breach of contract, promissory estoppel, and fraud claims against Nuconsteel. This matter was subsequently removed to federal court by Nuconsteel on May 23, 2012. (See No.Civ.A. 12-3085.) On May 29, 2012, Nuconsteel filed its own

complaint in federal court, alleging a breach of contract claim against Burris Construction and a suit on the bond against Liberty Mutual. (See No.Civ.A. 3156.) Burris Construction responded by filing counterclaims against Nuconsteel for breach of contract and promissory estoppel on July 5, 2012. Since these two matters involve common questions of law and fact, the United States Magistrate Judge consolidated them for discovery purposes on August 10, 2012. On January 9, 2013, Nuconsteel filed the instant Motion for Summary Judgment in both civil actions. Burris Construction and Liberty Mutual responded in opposition on February 5, 2013, and Nuconsteel replied on February 13, 2013.

**II. JURISDICTION**

This Court exercises jurisdiction pursuant to 28 U.S.C. § 1332. Nuconsteel is a Texas corporation with its principal place of business located in Denton, Texas. Burris Construction is a Delaware limited liability company, with its principal place of business in New Jersey, and all of Burris Construction's members (William G. Burris, Jr., William G. Burris III, and Alexandra M. Burris) are New Jersey citizens. Liberty Mutual is a Massachusetts company with its principal place of business in Massachusetts.[3]

---

[3] In matter 12-3085, Nuconsteel filed a notice of removal alleging that removal was proper on the basis of diversity and alleged that Burris Construction was a New Jersey limited liability company with its principal place of business in New Jersey. The Court entered an Order permitting Nuconsteel to file an amended notice of removal that properly identified the citizenship of each member of Burris Construction as a limited liability company. Nuconsteel filed an amended notice stating that Burris Construction was, in fact, a

**III. DISCUSSION**

In the instant Motion, Nuconsteel requests summary judgment to be entered in its favor on the breach of contract claims related to the Moorestown, Freehold, and Piscataway contracts, the breach of contract claim related to the Voorhees project, and the claim for breach of payment related to the issuance of the payment bond by Liberty Mutual. Nuconsteel likewise requests attorneys' fees and interest.[4]

Prior to analyzing the merits of these claims, however, the Court requires clarification from the parties regarding venue and choice of law in these matters. More specifically, the contract related to the

---

Delaware LLC, and that each member of Burris Construction was a New Jersey citizen, thereby satisfying federal requirements for diversity jurisdiction.

However, in the matter of 12-3156, which was consolidated with 12-3085 for discovery purposes, the complaint does not properly allege the citizenship of Burris Construction. Nuconsteel filed a complaint on grounds of diversity jurisdiction, naming the same parties as named in matter 12-3085, and alleged that Burris Construction was a Delaware LLC, with its principal place of business in New Jersey. Nuconsteel did not allege in its complaint the citizenship of each of the members of Burris Construction. Although the Court assumes that since the same parties are involved in both actions, and since the citizenship of Burris Construction was properly plead in matter 12-3085, that there is also complete diversity in matter 12-3156, technically, however, there is no clear statement in the record.

Thus, the Order accompanying this Opinion will direct Nuconsteel to file an amended complaint in matter 12-3156 within 10 (ten) days of entry of the Order specifying the citizenship of each party, particularly the members of Burris Construction, in compliance with 28 U.S.C. § 1332. See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

[4] In its Response in Opposition to Nuconsteel's Motion for Summary Judgment, Burris Construction indicated that it no longer intends to pursue its fraud and promissory estoppel claims against Nuconsteel. (See BCC Resp. Opp'n at 28 n.1.). In its reply, Nuconsteel states that it is suspending its request for attorneys' fees in accordance

Voorhees project contains a forum selection clause and choice of law provision indicating that the parties consent to the exclusive jurisdiction of the Texas courts, and that Texas law applies to any dispute arising out of the contract:

> This agreement shall be governed by and construed in accordance with the laws of the State of Texas. Buyer, acting for itself and its successors and assigns, hereby expressly and irrevocably consents to the exclusive jurisdictions of the state and federal courts of the State for any litigation which may arise out of or be related to any sales by Nucon[steel]. Buyer waives any objection based on forum non conveniens or any objection to venue of any such action.

(See Nuconsteel Mot. Summ. J., Ex. 7, 10/31/11 Nuconsteel Quote/PO ¶ 13.) In their briefing submitted to the Court, however, the parties analyze the potential breach of the Voorhees contract under principles of New Jersey law.

In the seminal case of Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), the Supreme Court of the United States held that a federal court sitting in diversity must apply the law of the forum state to questions that are substantive, but must use federal rules to govern procedural matters. Cashman, 368 Fed. App'x at 292 (citing Erie, 304 U.S. at 78; Yohannon v. Keene Corp., 924 F.2d 1255, 1265 (3d Cir. 1991)). Since a state's choice of law rules are substantive, federal courts exercising diversity jurisdiction must apply the law of the forum state in order to determine which state's laws govern the dispute. See Klaxon Co. v. Stentor Elec. Mfg., 313 U.S. 487, 496 (1941).

---

with L.R. 54.2, and will reapply at the appropriate time.

It is well-settled that parties may contract in advance to submit to the jurisdiction of a given court, and may likewise agree as to which state's laws will govern a dispute arising from the contract, by including forum selection and choice of law clauses in an agreement. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 11 (1972); Phillips v. Audio Active Ltd., 494 F.3d 378, 384 (2d Cir. 2007)(internal citations omitted). Indeed, such clauses are common in modern contracts. In regard to forum selection clauses, the Third Circuit has specifically opined that:

> A forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable.

See Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983)(internal citations omitted). Similarly, with respect to choice of law provisions, the Third Circuit has recognized that, "[w]hen parties have chosen a state's contract law to govern their contract, it is illogical to assume that they wished to have the enforceability of that contract judged by another state's law." Coface Collections N. Amer., Inc. v. Newton, 430 Fed. App'x 162, 166 (3d Cir. 2011)(internal citations omitted).

As indicated above, the purchase order that served as the contractual agreement between Nuconsteel and Burris Construction contained a choice of law provision indicating that Texas law would

apply to any dispute based on the contract.[5] The purchase orders for the Moorestown, Freehold, and Piscataway projects, however, do not include the page with the choice of law provision. As such, the Court notes — without deciding — that it is possible that Texas, rather than New Jersey, law applies to this litigation. Whatever state's law does apply, the parties should clearly state their position on that issue given the contract terms.[6]

Also, the purchase order at issue also contains a forum selection clause stating that all disputes related to the contract should be litigated in Texas. This Court assumes – again without deciding - that in situations like this one where the Court appears to have statutory venue authority, the parties may ignore, or by extension agree to modify, the choice of law and forum selection provision previously agreed to. The problem here is the parties have not addressed this issue at all, much less affirmatively indicated a joint desire to waive them or otherwise explain why they should not apply.

In light of these open questions, the Court will deny Nuconsteel's Motion for Summary Judgment without prejudice. See Rowen

---

[5] Nuconsteel notes the Texas choice of law clause when discussing its claim for attorneys' fee and interest, but does not otherwise address its significance with respect to the other claims in this case.

[6] The Court recognizes that the parties may have examined Texas law and determined either: a) that Texas law did not differ from New Jersey law in a material way; b) Texas choice of law rules would have directed the Court back to New Jersey law given the substantial nexus between the undisputed facts in this matter and this forum; or c) that the issue was waived. The point, however, is that the Court sitting in

Petro. Prop. LLC v. Hollywood Tanning Sys., Inc., No.Civ.A.08-4764, 2009 WL 1085737, at *8 (D.N.J. Apr. 20, 2009)(denying defendant's motion to dismiss plaintiff's breach of contract claim without prejudice on the grounds that parties failed to address choice of law clause). Nothing in this Memorandum Opinion and its accompanying Order shall preclude Nuconsteel from moving for summary judgment again at a later date.[7]

**IV. CONCLUSION**

In light of the foregoing, Nuconsteel's Motion for Summary Judgment shall be denied without prejudice. An appropriate Order follows.

s/Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

Dated: September 30, 2013

diversity should not have to speculate as to such matters.

[7] If the parties agree that the contract's Texas forum selection and choice of law clause is not applicable and that they are relying on New Jersey law, they may simply file a letter notifying the Court and ask that their motions and briefs be reinstated (without refiling). However, if either party wishes to invoke the choice of law and venue provision, it shall expressly address its applicability.